IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:21cr449-MHT |
| | ) | (WO) |
| HERMAN RANKIN, JR. | ) | |

ORDER

This cause is before the court on defendant Herman Rankin, Jr.'s second unopposed motion to continue his trial. For the reasons set forth below, the court finds that jury selection and trial, now set for April 4, 2022, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or

> from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether a failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Rankin in a speedy trial. Defense counsel represents that he is still in the process of acquiring relevant documents. Defense

counsel further represents that, in light of a completed psychiatric evaluation, defense counsel is in the process of scheduling a neuropsychological evaluation, which will not be resolved in time to assist in trial preparation or plea negotiation prior to the currently scheduled trial date. The government does not oppose the requested trial continuance. The court finds that a continuance to provide defense counsel with adequate time to prepare is necessary to ensure the fairness of Rankin's trial.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Herman Rankin, Jr.'s motion to continue trial (Doc. 18) is granted.

(2) The jury selection and trial, now set for April 4, 2022, are reset for June 13, 2022, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

**The United States Magistrate Judge shall reset any pretrial deadlines and conduct another pretrial conference prior to the new trial term.**

**DONE, this the 14th day of March, 2022.**

**/s/ Myron H. Thompson**
**UNITED STATES DISTRICT JUDGE**