IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:21cr449-MHT |
| | ) | (WO) |
| **HERMAN RANKIN, JR.** | ) | |

**ORDER**

This cause is before the court on defendant Herman Rankin, Jr.'s unopposed motion to continue his trial. For the reasons set forth below and based on the representations made on the record on June 2, 2022, the court finds that jury selection and trial, now set for June 13, 2022, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within

> seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether a failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Rankin in a speedy trial. Defense counsel represents that he is still in the

process of acquiring relevant documents and arranging for the completion of evaluations that must be completed before conducting plea negotiations.* Counsel expects the case to be resolved by some type of plea. The court finds that a continuance is necessary to allow sufficient time for effective representation and that this need outweighs the interest in a speedy trial. Moreover, the government does not oppose the requested trial continuance.

***

Accordingly, it is ORDERED as follows:

---

* In a separate filing, defense counsel noted the concern that Rankin may have suffered what was initially believed to be a "mild stroke," although an MRI "showed no indication of a stroke." Def.'s Mot. to Continue Initial Appearance (Doc. 31) at 2. In a subsequent proceeding on the record, defense counsel shared an update that the episode in question actually appeared to involve Rankin's receipt of the wrong type of medication for his diabetes, which caused Rankin to experience elevated blood sugar and numerous other symptoms. Counsel represents that, now that the medication error has been addressed, Rankin is doing fine. In light of these representations, the court has no reason to believe that Rankin suffered a stroke or that he is incompetent to proceed at this time.

3

(1) Defendant Herman Rankin, Jr.'s motion to continue trial (Doc. 27) is granted.

(2) The jury selection and trial, now set for June 13, 2022, are reset for August 8, 2022, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall reset the deadline for change of plea and any other appropriate pretrial deadlines and conduct another pretrial conference prior to the new trial term.

DONE, this the 8th day of June, 2022.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**